HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD CRAIG POTTER,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. C11-6047 RBL

ORDER DENYING PETITION

On November 20, 2008, a jury convicted Petitioner Ronald Craig Potter of Possession of Methamphetamine with Intent to Distribute and Possession of a Firearm in Furtherance of Drug Trafficking. The Court sentenced Potter to imprisonment for 78 months for the drug charge and 60 months for the firearm charge and also ordered him to pay a $49,000 fine. Potter now claims that he received ineffective assistance of counsel and seeks relief from his sentence under 28 U.S.C. § 2255. Potter's petition is **DENIED**.

**I. BACKGROUND**

On October 25, 2007, Potter was indicted and charged with Possession of a Firearm by a Prohibited Person, Possession of Methamphetamine with Intent to Distribute, and Possession of a Firearm in Furtherance of Drug Trafficking. The Possession of a Firearm by a Prohibited Person

charge was later dismissed.  Under the sentencing guidelines, both of the remaining charges carried five-year mandatory minimum sentences.

Prior to trial, Potter's counsel sought to suppress the evidence seized during two searches of Potter's residence in 2007.  Counsel also sought to have the remaining gun charge dismissed on Second Amendment grounds.  Both of Counsel's motions were denied.  Also prior to trial, the government extended a plea offer to Potter.  If Potter had accepted the plea offer, the government would have dismissed the remaining firearm charge in exchange for his pleading guilty to possession of methamphetamine with the intent to distribute.  After discussing the offer with his counsel on a number of occasions, Potter chose to reject the offer.

The jury convicted Potter on both charges.  The jury specifically found that he had possessed 50 grams or more of a mixture or substance containing methamphetamine with the intent to distribute.  The Court sentenced Potter to a total of 138 months of imprisonment and ordered him to pay a $49,000 fine.  The Court has since fully credited Potter's fine because the money found in his residence was forfeited to the state.

Potter appealed his convictions, but not his sentence.  On appeal, he argued that there was insufficient evidence to sustain his convictions and that the gun charge should have been dismissed on Second Amendment grounds.  The Ninth Circuit affirmed Potter's convictions in a published opinion and an unpublished memorandum disposition.  *See U.S. v. Potter*, 630 F.3d 1260 (9th Cir. 2011).

Potter filed this 28 U.S.C. § 2255 petition on December 22, 2011.  He initially argued that his counsel was ineffective by failing to object to, and appeal, (1) the jury instruction for the gun charge; (2) the drug quantity calculation in the presentence report; (3) the Court's determination of his ability to pay a fine; and (4) the government's withholding of exculpatory

information. On April 5, 2012, Potter filed a "supplemental to his § 2255 motion" to add counsel's failure to advise him that he faced consecutive mandatory minimum sentences of 60 months and stood to lose a three-level reduction to his offense level for not accepting responsibility if he rejected the plea offer and was convicted at trial to the list of reasons his counsel was ineffective. Potter has since conceded that the Court properly instructed jury regarding the gun charge.

## II. DISCUSSION

A prisoner sentenced by a federal court may obtain relief from the imposition or length of his sentence under 28 U.S.C. § 2255 when (1) the sentence was imposed in violation of the Constitution or laws of the United states; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. The petitioner must specifically plead facts that would entitle him to relief if true. *U.S. v. Rodrigues*, 347 F.3d 8818, 824 (9th Cir. 2003).

A petitioner may obtain relief under § 2255 if he received ineffective assistance of counsel. To establish ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), the defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id.* 466 U.S. at 688, 691-92, 104 S. Ct. at 2064, 2066-67. Judicial scrutiny of counsel's performance must be highly deferential to eliminate the distorting effects of hindsight. *Id.* 466 U.S. at 689, 104 S. Ct. at 2065. There is thus a strong presumption that counsel's performance fell within the wide range of reasonably effective assistance. *Id.*

### 1. Counsel's Failure to Argue Half of Methamphetamine was for Personal Use

Potter argues first that his counsel was ineffective by failing to challenge the drug quantity determination at sentencing by arguing that half of the methamphetamine found in his possession was for his own personal use. Potter's self-serving claim that the drugs were for his own use directly contradicts his position all along that the drugs were not his. During the investigation and throughout his trial, Potter consistently claimed that the drugs were not his and that he had not used drugs in a long time. During closing arguments, Potter's counsel reiterated to the jury that Potter denied ownership or possession of the jacket that contained the vast majority of the drugs that were found in his residence.

It would have been inconsistent with the argument presented at trial and without the support of any evidence for Potter's counsel to then argue at sentencing that the drugs were for Potter's personal use. Failing to raise a meritless argument is not ineffective assistance of counsel. *Baumann v. U.S.*, 692 F.2d 565, 572 (9th Cir. 1982). Counsel's decision to present the theory to the Court that Potter, himself, consistently maintained until now was not in err and certainly was not unreasonable.

### 2. Counsel's Failure to Object to Financial Information in Presentence Report

Potter argues next that his counsel was ineffective by failing to object to financial information in the presentence report regarding his father's finances and by failing to appeal the Court's imposition of a $49,000 fine. Potter refused to answer questions about his finances on advice of counsel, so the presentence report included financial information obtained from other sources. The information included a list of five large deposits that Potter's father made between August 2007 and July 2008. The report was clear that the large deposits were made by Potter's father and not Potter, himself. Importantly, Potter does not dispute the veracity of the

information included in the report. The information regarding Potter's father's large deposits was not improper and Potter's counsel did not err by failing to object to its inclusion in the presentence report. Furthermore, Potter's argument that the Court could not have found that he had the ability to pay a fine without the information regarding his father's deposits ignores the fact that the police found $49,000 in cash at his residence. In any event, this issue is mooted by the Court's August 16, 2012 Order that Potter's fine be fully credited, including interest.

### 3.     Counsel's Failure to Object to the Basis for the Search Warrant

Next, Potter argues that his counsel was ineffective by failing to object to and appeal "the fact that [two detectives] conspired together to commit perjury and withhold exculpatory *Brady* material and to violate Movant's Civil Rights." Potter describes at length how he believes that detectives lied to obtain a search warrant and then withheld information from the defense. He does not explain, however, how his counsel was ineffective. Despite Potter's contention, his counsel did seek prior to trial to suppress evidence obtained during the search of Potter's residence. Potter's counsel argued that the evidence should be suppressed for the same reasons that Potter asserts in his Petition. The Court rejected those arguments. Potter's appellate counsel appealed the Court's ruling and lost. Potter's argument that his counsel was ineffective for failing to raise this issue has no basis.

### 4.     Counsel's Failure to Advise Potter of Mandatory Minimum Sentences if Convicted at Trial

Lastly, Potter argues that his counsel was ineffective by not fully explaining the possible repercussions of rejecting the plea offer and proceeding to trial. Potter claims that his counsel did not advise him that if he rejected the plea offer and was convicted at trial, then he would face two consecutive mandatory minimum five-year sentences and lose a three-level reduction to his

offense level for not accepting responsibility.  Potter also contends that his counsel unreasonably advised him to reject the plea agreement.

To establish ineffective assistance of counsel in plea situations, the defendant must demonstrate that counsel's advice was so incorrect and so insufficient that it undermined his or her ability to intelligently decide whether to accept the plea offer.  *Turner v. Calderon*, 281 F.3d 851, 880 (9th Cir. 2002).  To start, Potter's claim that his counsel did not tell him about the mandatory minimum sentences lacks evidentiary support.  Not only does Potter's counsel refute Potter's contention and claim that he had discussed the plea offer with Potter on several occasions and explained the mandatory minimum sentences to him, recordings of Potter talking on the telephone clearly show that he understood the ramifications of rejecting the plea offer.  Further, the Court advised Potter of the mandatory minimum sentences during his initial appearance and arraignment.  Potter was sufficiently informed about the plea offer and the sentencing implications to make an intelligent decision whether to accept the plea offer.

Potter's argument that his counsel was ineffective by unreasonably recommending that he reject the plea offer is also without merit.  Potter essentially argues that there was so much evidence against him that it was unreasonable for his counsel to advise him that they could beat the gun charge at trial.  Potter's counsel does admit in hindsight that he should have advised Potter to accept the plea offer.  The Court does not evaluate the effectiveness of counsel's assistance as a Monday morning quarterback, however.  Counsel has explained that his advice was based on the evidence at the time and that subsequent investigation revealed evidence that significantly undermined the defense.  Counsel's recommendation was not so unreasonable so as to render his assistance ineffective based on the evidence at the time he gave his advice.  Potter had all of the information necessary to decide for himself whether to take the plea offer.  The fact

1 | that Potter's counsel did not accurately predict the outcome of the trial does not mean that he was
2 | ineffective.

### III. CONCLUSION

For the reasons stated above, Potter has failed to establish that he received ineffective assistance of counsel. Potter's § 2255 Petition (Dkt. 1) is **DENIED**.

Dated this 4th day of October, 2013.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE